# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lisa Sattler d/b/a Midtown East Physical Therapy,<br><br>    Plaintiff,<br><br>        v.<br><br>Dale Pharmacy & Surgical, Inc.,<br><br>    Defendant. | No. _____ 1:21-cv-1521<br><br><br>**Complaint for Damages & Injunctive Relief** |

Lisa Sattler d/b/a Midtown East Physical Therapy files this Complaint against Dale Pharmacy & Surgical, Inc., and shows the Court as follows:

## Introduction

1.    Sattler seeks redress for Dale Pharmacy & Surgical sending unsolicited advertisements to her fax machine.

2.    The Telephone Consumer Protection Act ("TCPA"), 47 USC § 227, imposes a comprehensive regulatory framework on all fax advertisements.

3.    Generally speaking, the TCPA prohibits people from sending advertisements to fax machines without first obtaining prior express invitation or permission from those to whom they send their advertisements.

4.    Sending unsolicited fax advertisements, which are often called junk faxes, causes damage to those to whom the junk faxes are sent. Those to

— 1 —

whom junk faxes are sent have their telephone lines tied up and their paper and toner or ink used to print the senders' advertisements. Sending unsolicited fax advertisements invades the privacy of those to whom the junk faxes are sent. Unsolicited fax advertisements prevent fax machines from receiving authorized faxes, prevent fax machines from being used to send authorized outgoing faxes, cause undue wear and tear on the fax machines to which the junk faxes are sent, and require additional labor by those to whom the junk faxes are sent to attempt to discern the purpose and source of the unsolicited message. And sending unsolicited fax advertisements consumes a portion of the limited capacity of the telecommunications infrastructure serving those to whom they are sent.

### Parties & Jurisdiction

5.      Sattler, owns and operates Midtown East Physical Therapy, a sole proprietorship, that provides rehabilitation and physical-therapy services, concentrating on the diagnosis and treatment of repetitive-strain injuries.

6.      Midtown East Physical Therapy is located at 333 East 46th Street, Suite 1H, New York, New York 10017.

7.      Dale Pharmacy & Surgical is a New York corporation.

8.      Dale Pharmacy & Surgical does not have a registered agent for service of process registered with the New York Department of State.

9.     Dale Pharmacy & Surgical may be served with process by serving the New York Secretary of State by personally delivering to and leaving with the Secretary of State or a deputy, or with any person authorized by the Secretary of State to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee set by the State of New York. *See* N.Y. BUS. CORP. § 306(b)(1).

10.     This Court has personal jurisdiction over Dale Pharmacy & Surgical because it committed one or more tortious acts within this judicial district.

11.     This Court has subject-matter jurisdiction over Sattler's claims under 28 U.S.C. § 1331 as Sattler's claims arise under the laws of the United States. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

12.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Sattler's claims occurred in this judicial district, where Sattler's office and fax machine are located.

## Count 1:
## Violations of the Telephone Consumer Protection Act

13.     Sattler realleges and incorporates the preceding paragraphs.

14.     Section 227(b)(1)(C) of Title 47 of the United States Code provides that

"[i]t shall be unlawful for any person within the United States, or

— 3 —

any person outside the United States if the recipient is within the
United States, …to use any telephone facsimile machine,
computer, or other device to send, to a telephone facsimile
machine, an unsolicited advertisement."

15.    Dale Pharmacy & Surgical, or an agent acting on its behalf, used a

telephone facsimile machine, computer, or other device to send

advertisements promoting the commercial availability of Dale Pharmacy &

Surgical's goods or services to Sattler's telephone facsimile or fax machine on

at least the following dates:

1.   February 23, 2017;
2.   March 2, 2017;
3.   March 9, 2017;
4.   March 21, 2017;
5.   April 6, 2017;
6.   April 13, 2017;
7.   April 20, 2017;
8.   July 6, 2017;
9.   July 18, 2017;
10.  July 26, 2017;
11.  August 2, 2017;
12.  August 16, 2017;
13.  August 23, 2017;
14.  September 13, 2017;
15.  September 27, 2017;
16.  October 18, 2017;
17.  October 26, 2017;
18.  November 15, 2017;
19.  January 25, 2018;
20.  January 30, 2018;
21.  February 14, 2018;
22.  February 27, 2018;
23.  March 7, 2018;
24.  March 14, 2018;
25.  March 27, 2018;

— 4 —

26. April 11, 2018;
27. April 25, 2018;
28. May 2, 2018;
29. May 10, 2018;
30. May 16, 2018;
31. May 23, 2018;
32. June 6, 2018;
33. June 13, 2018;
34. July 10, 2018;
35. July 12, 2018;
36. August 16, 2018;
37. August 22, 2018;
38. August 28, 2018;
39. September 12, 2018;
40. September 25, 2018;
41. October 3, 2018;
42. October 9, 2018;
43. October 16, 2018;
44. October 23, 2018;
45. October 30, 2018;
46. November 14, 2018;
47. November 27, 2018;
48. December 5, 2018;
49. December 12, 2018;
50. January 8, 2019;
51. January 22, 2019;
52. January 29, 2019;
53. February 6, 2019;
54. February 13, 2019;
55. February 20, 2019;
56. February 26, 2019;
57. March 6, 2019;
58. March 13, 2019;
59. March 25, 2019;
60. April 3, 2019;
61. April 17, 2019;
62. April 24, 2019
63. May 8, 2019;
64. May 15, 2019;
65. May 22, 2019;

66. May 30, 2019;
67. June 12, 2019;
68. June 19, 2019;
69. June 26, 2019
70. July 10, 2019;
71. July 17, 2019;
72. July 24, 2019;
73. July 31, 2019;
74. August 14, 2019
75. August 21, 2019;
76. August 27, 2019;
77. September 10, 2019;
78. September 18, 2019;
79. September 25, 2019;
80. October 23, 2019;
81. November 6, 2019;
82. November 13, 2019;
83. December 5, 2019;
84. December 12, 2019;
85. December 18, 2019;
86. January 23, 2020;
87. February 13, 2020;
88. February 25, 2020;
89. March 3, 2020; and
90. March 10, 2020.

16.    Attached to this complaint as Exhibit A and incorporated herein by reference are copies of the facsimile or fax transmissions referenced above that Dale Pharmacy & Surgical sent to Sattler's fax machine.

17.    Sattler's fax machine is a plain-paper fax machine.

18.    Dale Pharmacy & Surgical did not have Sattler's express invitation or permission to send advertisements to her fax machine.

19.    Dale Pharmacy & Surgical's use of a telephone facsimile machine,

computer, or other device to send advertisements to fax machines constituted a written publication of material in a manner that violated Sattler's right of privacy.

20.    By sending its fax advertisements to Sattler's fax machine, Dale Pharmacy & Surgical violated Sattler's right of privacy.

21.    By sending its fax advertisements to Sattler's fax machine, Dale Pharmacy & Surgical appropriated Sattler's paper, toner, and machinery and used them to publish Dale Pharmacy & Surgical's advertising material.

22.    By sending its fax advertisements to Sattler's fax machine, Dale Pharmacy & Surgical made Sattler's fax machine unavailable for sending or receiving legitimate messages.

23.    Under 47 U.S.C. § 227(b)(3)(B), Sattler is entitled to recover $500 for each advertisement that Dale Pharmacy & Surgical sent or caused to be sent to Sattler's fax machine.

## Count 2: Treble Damages

24.    Sattler realleges and incorporates the preceding paragraphs.

25.    Dale Pharmacy & Surgical's actions show that it willfully and knowingly violated the TCPA.

26.    The FCC has held that a willful violation of the TCPA is one where the "violator knew that he was doing the act in question … [and that the]

— 7 —

violator need not know that his action or inaction constitutes a violation; ignorance of the law is not a defense or mitigating circumstance." *In re Dynasty Mortg.*, L.L.C., 22 FCC Rcd. 9453, 9470 n.86 (2007).

27.    The FCC has held that "knowingly" does not require that a person have a specific intent to violate the statute. *In re Intercambio, Inc.*, 3 FCC Rcd. 7247, 7253 (1988).

28.    Under the TCPA, for something to be considered to have been done "knowingly," the advertiser must have knowledge of the actions that constitute the violation—in this case, sending unsolicited advertisements to fax machines—not that the advertiser's actions violate the law. *Id.*

29.    Under 47 U.S.C. § 227(b)(3), this Court may increase the amount of the statutory damages up to an amount equal to $1,500 per violation of the TCPA.

30.    This Court should use its discretion to increase the amount of the statutory damages to an amount equal to $1,500 per violation of the TCPA because of Dale Pharmacy & Surgical's actions.

## Count 3: Injunctive Relief

31.    Sattler realleges and incorporates the preceding paragraphs.

32.    Under 47 U.S.C. § 227(b)(3)(A), Sattler is entitled to an order from this Court enjoining Dale Pharmacy & Surgical from using any telephone

facsimile machine, computer, or other device to send an unsolicited advertisement to her telephone facsimile machine.

WHEREFORE, Sattler requests judgment against Dale Pharmacy & Surgical as follows:

a) That the Court enter judgment in favor of Sattler against Dale Pharmacy & Surgical in an amount of $500 for each advertisement that Dale Pharmacy & Surgical sent or caused to be sent to her machine;

b) That the Court find that Dale Pharmacy & Surgical willfully and knowingly violated the TCPA and increase the amount of the statutory damages by $1,000 per violation of the TCPA, making the total damages $1,500 for each fax that Dale Pharmacy & Surgical sent or caused to be sent to Sattler's fax machine;

c) That the Court enter a permanent injunction enjoining Dale Pharmacy & Surgical from using any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to Sattler's telephone facsimile machine;

d) That all costs of this action be assessed against Dale Pharmacy & Surgical; and

e) That Sattler have such other and further relief as is just and proper.

Dated: February 19, 2021
      New York, New York

Daniel J. Schneider
SDNY Bar No. DS7366
Kara Halpern
SDNY Bar No. KH0416
FARBER SCHNEIDER FERRARI LLP
261 Madison Avenue, 26th Floor
New York, New York 10016
(212) 972-7040
dschneider@fsfllp.com

/s/ Marc B. Hershovitz
Marc B. Hershovitz
Georgia Bar No. 349510
*Subject to pro hac vice admission*
MARC B. HERSHOVITZ, P.C.
3500 Lenox Road, 4th Floor
Atlanta, Georgia 30326
(404) 262-1425
marc@hershovitz.com

/s/ J. Clarke Newton
J. Clarke Newton
South Carolina Bar No. 11598
*Subject to pro hac vice admission*
BLUESTEIN THOMPSON SULLIVAN, LLC
1614 Taylor Street
Columbia, South Carolina 29201
(803) 779-7599
clarke@bluesteinattorneys.com

Attorneys for Lisa Sattler d/b/a
Midtown East Physical Therapy