## MARC B. HERSHOVITZ, P.C.

**ATTORNEY AT LAW**

ONE ALLIANCE CENTER
4TH FLOOR
3500 LENOX ROAD
ATLANTA, GEORGIA 30326

(404) 262-1425
(404) 262-1474 FAX

WWW.HERSHOVITZ.COM
MARC@HERSHOVITZ.COM

June 22, 2021

*Via ECF & email to torres_nysdchambers@nysd.uscourts.gov*

The Honorable Analisa Torres
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Courtroom 15D
New York, NY 10007-1312

> **RE:** *Sattler v. Dale Pharmacy & Surgical, Inc.* Case No. 1:21-cv-01521-AT
> **Request for permission to file a motion seeking leave to amend the Complaint to add defendants**

Dear Judge Torres:

I represent Lisa Sattler d/b/a Midtown East Physical Therapy, the plaintiff in the above-referenced action. The purpose of this letter is, in accordance with Section III(A) of this Court's Individual Practices in Civil Cases, to request this Court's permission to file a motion seeking leave to amend the Complaint in this case to add defendants. Please note that time is of the essence regarding this request because, under this Court's Case-Management Plan and Scheduling Order, the deadline to file motions to amend or to join additional parties is June 25, 2021.

In this case, Sattler is seeking redress for Dale Pharmacy & Surgical, Inc., sending unsolicited advertisements to her fax machine in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Dale Pharmacy's counsel has repeatedly told Sattler's counsel that Dale Pharmacy is insolvent and that it may stop defending the litigation and allow a judgment to be entered against what Dale Pharmacy's counsel represents would be an empty corporate shell. Sattler requested financial information from Dale Pharmacy to try to verify the claimed financial condition of the company, but Dale Pharmacy refuses to provide the requested information. Sattler cannot otherwise verify the veracity of those representations at this time because Dale Pharmacy's financial condition is beyond the scope of permissible discovery.

So that this litigation does not become a meaningless academic exercise, Sattler is requesting this Court's permission to seek leave to amend her Complaint to add as defendants the individual corporate officers, employees, and agents of Dale Pharmacy who directly participated in or

The Honorable Analisa Torres
RE: *Sattler v. Dale Pharmacy & Surgical, Inc.*, Case No. 1:21-cv-01521-AT
June 22, 2021
Page 2

personally authorized the conduct that violated the TPCA. It is appropriate to add these individuals as defendants because the only way in which a corporation can act is through the people who make decisions and act on its behalf.

"[W]hen a corporation violates a statute, individuals who 'voluntarily and intentionally caused the corporation to act' in violation of the statute can be personally liable for those statutory violations, such as when a director votes for the commission of an unlawful act." *Maryland v. Universal Elections*, 787 F. Supp. 2d 408 (D. Md. 2011). This is consistent with "[t]he 'well-settled' tort rule [that] provides that 'when corporate officers directly participate in or authorize the commission of a wrongful act, even if the act is done on behalf of the corporation, they may be personally liable.'" *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001).

While the Second Circuit has yet to weigh in on the issue of personal liability under the TCPA, a number of other federal district courts—including another court in the Southern District of New York—have concluded that individuals acting on behalf of a corporation may be held personally liable under the TCPA when they directly participated in, or personally authorized, the violative conduct. *See Bais Yaakov of Spring Valley v. Graduation Source, LLC*, No. 14-cv-3232 (NSR), 2016 WL 1271693, at *5 (S.D.N.Y. Mar. 29, 2016); *Sandusky Wellness Ctr., LLC v. Wagner Wellness, Inc.*, No. 3:12 CV 2257, 2014 WL 1333472, at *3 (N.D. Ohio Mar. 28, 2014); *Universal Elections*, 787 F. Supp. 2d at 416–17; *Am. Blastfax*, 164 F. Supp. 2d at 898; *Baltimore-Washington Tel. Co. v. Hot Leads Co., LLC*, 584 F. Supp. 2d 736, 745 (D. Md. 2008). And even though this case involves violations of federal law, New York follows the same general tort rule regarding the personal liability of corporate officers that formed the basis of the district court decisions cited above. *See Peguero v. 601 Realty Corp.*, 58 A.D.3d 556, 558 (N.Y. App. Div. 2009) ("a corporate officer who participates in the commission of a tort may be held individually liable, regardless of whether the officer acted on behalf of the corporation in the course of official duties and regardless of whether the corporate veil is pierced").

Because the true names and identities of Dale Pharmacy's corporate officers, employees, and agents who directly participated in or personally authorized the conduct that violated the TPCA are not known at this time, Sattler would amend her Complaint to name John Does 1 through 5 as defendants. Sattler believes that information obtained in discovery will lead to the identification of the true names and identities of the John Doe defendants. (Dale Pharmacy disclosed the names of individuals in its Initial Disclosures who may likely have discoverable information, and those individuals likely are at least some of the John Doe defendants, but additional discovery is necessary to confirm that those individuals participated in and authorized the wrongful conduct Sattler complained of in her Complaint and to ascertain if any other individuals were responsible for directing the wrongful conduct.) Sattler would substitute the names of the John Doe defendants for their "John Doe" designations when their true identities are ascertained.

The Honorable Analisa Torres
RE: *Sattler v. Dale Pharmacy & Surgical, Inc.*, Case No. 1:21-cv-01521-AT
June 22, 2021
Page 3

    Rule 15(a)(2) of the Federal Rules of Civil Procedure requires a party to obtain leave of court to amend its pleadings, but it also provides that "[t]he court should freely give leave when justice so requires." But to the extent a proposed amendment would add new parties, the motion is technically governed by Rule 21, which provides that "the court may at any time, on just terms, add or drop a party." Nonetheless, "'the same standard of liberality' applies under either Rule.'" *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96–97 (S.D.N.Y. 2010); *see also Lederhouse v. Landau Arnold Laufer LLP*, No. 15 Civ. 8668 (AT) (SDA), 2018 WL 1635030, at *2 (S.D.N.Y. Apr. 4, 2018) (stating "the showing necessary under Rule 21 is the same as that required under Rule 15(a)").

    This case is in the earliest stages of discovery and, upon information and belief, the John Does continue to serve as corporate officers and employees of Dale Pharmacy and are aware of this litigation. Allowing Sattler to amend her Complaint to add the John Does as defendants will not delay the prosecution of this case, nor will it prejudice Dale Pharmacy or the to-be-added John Does.

    Sattler thus respectfully requests that this Court allow her to file a motion seeking leave to amend her Complaint to add John Does numbers 1 through 5 as defendants. Further, Sattler respectfully requests that this Court extend the deadline to file motions to amend or to join additional parties set in the Case-Management Plan and Scheduling Order to the extent necessary to allow this Court to follow its procedures set forth in Section III(A) of this Court's Individual Practices in Civil Cases.

    If the Court has any questions, please do not hesitate to contact me.

    Thank you.

                                    Sincerely,

                                      s/ Marc B. Hershovitz

                                      Marc B. Hershovitz

MBH/cll
cc:  Michael M. Premisler, Esq.
     J. Clarke Newton, Esq.
     Daniel J. Schneider, Esq.
     Kara Halpern, Esq.